IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAWRENCE McCOY, TODD McDONALD, DONALD MEANY, ROBERT MERCIER, RICHARD PATTERSON, GARY QUARLES, LAWRENCE SHUE, RICK TIDWELL, and STEVE WILLIAMSON,<br><br>                 Plaintiffs,<br>    vs.<br>NORTH SLOPE BOROUGH,<br>                 Defendant. | Case No. 3:13-cv-00064-SLG |

## ORDER ON MOTIONS FOR RECONSIDERATION

Pending before the Court are two motions for reconsideration filed by the North Slope Borough (NSB).

**I. NSB's Motion at Docket 409.**

At Docket 409, NSB moves for reconsideration of the Court's order at Docket 397 concerning Plaintiffs' motion to preclude the testimony of Dr. Nickerson. "The NSB specifically requests that the Court reconsider: (1) its preliminary determination that the jury will not be permitted to decide the issue of the amount of Plaintiffs' damages, if any; and (2) the Court's *sua sponte* order that . . . a *Daubert* hearing is required on Dr. Nickerson's testimony." The motion for reconsideration at Docket 409 will be granted in part and denied in part.

With respect to the presentation of damages evidence, the Court intends to bifurcate the trial.[1] During the first jury trial, the jury will determine all contested factual issues that relate to liability. The first jury will also determine any disputed factual issues as to who is a highly compensated employee.

Bifurcation is warranted because the first jury will be asked to determine the number of hours worked per week by each of the nine Plaintiffs over at least a three-year period. This will require the jury to make well over 1,000 determinations (52 weeks X 3 years X 9 Plaintiffs = 1,404). To require that same jury to then calculate the rate of pay for each week and multiply that rate by the number of hours worked for each of the more than 1,000 weeks at issue would place an unreasonable burden upon that one jury. With a bifurcated proceeding, the Court's ruling at Docket 397, page 7 remains in place for the first trial with respect to the preclusion of the presentation of damages calculations by either side at trial, unless specific prior application is made to the Court outside of the presence of the jury.

After the first jury resolves all disputed factual issues regarding liability, and in the event it finds liability, the parties would then be accorded an opportunity to identify any remaining factual issues. A new jury would then be impaneled to determine all such factual issues. In this manner, NSB's right to a jury trial will be fully preserved. Moreover, bifurcation should substantially expedite and economize the resolution of this case and require less overall trial time, as the scope of any damages evidence in a

---

[1] *See* Fed. R. Civ. P. 42 ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial."). *Cf. Cougill v. Prospect Mortgage, LLC*, No. 1:13-cv-1433, 2014 U.S. Dist. LEXIS 12362 (E.D. Virginia Jan. 31, 2014).

3:13-cv-00064-SLG, *McCoy et al. v. North Slope Borough*
Order on Motions for Reconsideration
Page 2 of 5

second trial, if necessary, would be reduced because any damages evidence would be specifically tailored to the first jury's determinations as to the number of hours worked each week.

But, in this second trial, the Court would still not intend to require the jury to perform mathematical calculations that are not subject to factual dispute. As an example of such calculations, let us assume that in a fruit market dispute, at issue is the total value of apples possessed by two plaintiffs. The parties dispute the number of apples that Plaintiff 1 has in her possession, and they also dispute the number of apples that Plaintiff 2 has in his possession. They also dispute the value of each apple. The jury is asked to determine the number of apples in each plaintiff's possession, and determines that Plaintiff 1 has two apples and Plaintiff 2 has three apples. The jury also determines the value of each apple is $2. The Court does not ask the jury to determine the total number of apples possessed by the Plaintiffs, as it is not a factual dispute that the sum of two plus three equals five. The Court also does not ask the jury to determine the total value of the apples, as it is not a factual dispute that the product of five multiplied by $2 equals $10.

The parties will be accorded an opportunity to be heard on this bifurcation issue at the outset of the hearing on July 15, 2014 before a final order regarding bifurcation is entered.

With respect to NSB's opposition to a *Daubert* hearing, NSB's motion is also denied. The Court has set the *Daubert* hearing for Tuesday, July 15, 2014 at 3:00 p.m. The scope of the *Daubert* hearing shall be limited solely to the Evidence Rule 702 issues raised by Plaintiffs in their motion at Docket 348, pages 16-23.

3:13-cv-00064-SLG, *McCoy et al. v. North Slope Borough*
Order on Motions for Reconsideration
Page 3 of 5

**II.     NSB's Motion at Docket 410.**

At Docket 410, NSB moves for reconsideration of the Court's order at Docket 395 concerning NSB's motion to add witnesses.

NSB's motion is not persuasive. NSB's motion at Docket 363 made only a general assertion that April Brower, Robert Butcher, and Amy White would provide evidence concerning the Plaintiffs' first responders argument without providing any compelling explanation for its delayed request to add these witnesses. And as NSB's trial witness list identifies several other witnesses who will address the first responders issue,[2] the Court's decision to deny NSB's tardy motion to amend its witness list should cause limited, if any, prejudice, to NSB.[3]

With respect to Kalen Texiera, the Court notes as follows: The Order at Docket 395 provided that Mr. Texiera could testify concerning "Plaintiffs' rescue workers claim <u>and</u> on subjects directly related to Mr. McDowell's affidavit, dated January 27, 2014."[4] Thus, pursuant to the Court's order at Docket 395, the Court will permit testimony on these **two** separate though closely related subjects. The motion for reconsideration with respect to a possible deposition of Mr. Texiera is also denied.

For the foregoing reasons, **IT IS ORDERED:**

---

[2] *See* Docket 363-1 at 2 (Price Brower will testify concerning "the allegation that pilots' primary duty is rescue work."). *See also* Docket 363-1 at 3-4, 6-9 (re: witness Randy Crosby, Chris Dunbar, Hugh Patkotak, Kalen Texeira).

[3] *Cf. Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1139 (9th Cir. 2006) (discussing *Price v. Seydel*, 961 F.2d 1470, 1474 (9th Cir. 1992) and affirming trial court's decision to preclude witness that defendant failed to disclose).

[4] Docket 395 (emphasis added).

3:13-cv-00064-SLG, *McCoy et al. v. North Slope Borough*
Order on Motions for Reconsideration
Page 4 of 5

1. The motion for reconsideration at Dockets 409 is **GRANTED in part and DENIED in part** as set forth herein.

2. The motion for reconsideration at Docket 410 is **DENIED.**

3. Trial by jury of this matter may be bifurcated as set forth herein, with the Court to make a final determination on that issue after the parties are accorded an opportunity to be heard on that topic on Tuesday, July 15, 2014.

DATED this 14th day of July, 2014.

                                                */s/ Sharon L. Gleason*
                                                UNITED STATES DISTRICT JUDGE

3:13-cv-00064-SLG, *McCoy et al. v. North Slope Borough*
Order on Motions for Reconsideration
Page 5 of 5